UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>  Plaintiff,<br><br>  v.<br><br>E. MCCUMSY, et al.,<br><br>  Defendants. | Case No. 15-cv-03479-VC  (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIM** |

Christopher Lipsey, an inmate at Corcoran State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against employees at Pelican Bay State Prison, where he was previously incarcerated. Lipsey has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The Court now addresses the claims asserted in Lipsey's complaint.

## DISCUSSION

### I.     Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1    Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the
2    plaintiff can show that the defendant's actions both actually and proximately caused the
3    deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*
4    *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
5    1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does
6    an affirmative act, participates in another's affirmative act or fails to perform an act which he is
7    legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d
8    at 633.

9    But there is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That
10   is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the
11   actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno*
12   *Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be
13   liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a
14   sufficient causal connection between the supervisor's wrongful conduct and the constitutional
15   violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a
16   plaintiff to allege generally that supervisors knew about the constitutional violation or that they
17   generally created policies and procedures that led to the violation, without alleging "a specific
18   policy" or "a specific event" instigated by the supervisors that led to the constitutional violation.
19   *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

20   **II. Lipsey's Allegations**

21   Lipsey's complaint alleges the following:

22   Between March 2012 and September 2015, the actions of Senior Librarian E. McCumsy,
23   Supervisor of Education V. Anderson and Librarian J. Ludwigsen prevented Lipsey from
24   accessing legal materials that he needed to challenge his criminal conviction. As a result, Lipsey
25   was unable to file a challenge to his conviction. Liberally construed, these allegations state a First
26   Amendment claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350
27   (1996).

28   The complaint also alleges that an unidentified individual failed to properly process

United States District Court
Northern District of California

Lipsey's administrative appeal about the above-mentioned First Amendment violation. This caused a staff analyst to reject Lipsey's appeal. These allegations do not state a cognizable claim for relief. First, a claim cannot be stated against an unidentified person. More importantly, there is no constitutional right to the proper processing of an administrative grievance. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, this claim is dismissed with prejudice because amendment would be futile.

Finally, the complaint alleges that California Governor Jerry Brown's failure to comply with the Prison Overcrowding State of Emergency Proclamation of 2006 caused Lipsey to spend approximately ten months in administrative segregation due to lack of space in the general population. Even liberally construed, these allegations fail to state a cognizable First Amendment claim against Brown. First, there is no general right to be free from prison overcrowding. *See Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 471 (9th Cir. 1989) ("Only when overcrowding is combined with other conditions such as violence or inadequate staffing does overcrowding rise to the level of an eighth amendment violation."). Second, the complaint alleges no facts demonstrating that Brown personally participated in, directed, or knowingly caused Lipsey to spend ten months in administrative segregation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); *Ivey v. Bd. Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (liberal construction of *pro se* complaint may not supply essential elements of a claim that were not pled). Furthermore, the causative link between prison overcrowding, Lipsey's ten months in administrative segregation and his lack of access to the courts is too attenuated to state a cognizable First Amendment claim against Brown. The claim against Brown is dismissed with prejudice because amendment cannot overcome these deficiencies.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claim against an unnamed individual for failing to properly process Lipsey's administrative grievance and the claim against Brown for failing to reduce overcrowding in the prisons are dismissed with prejudice.

3

1          2. Lipsey's allegations appear to state a First Amendment claim for lack of access to the

2   courts against McCumsy, Anderson and Ludwigsen.

3          3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

4   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

5   (docket no. 1) and all attachments thereto and a copy of this Order to McCumsy, Anderson and

6   Ludwigsen at Pelican Bay State Prison.  The Clerk shall also mail a courtesy copy of the

7   complaint with all attachments and a copy of this Order to the State Attorney General's Office in

8   San Francisco, and a copy of this Order to Lipsey.

9          4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

10  them to cooperate in saving unnecessary costs of service of the summons and the complaint.

11  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

12  behalf of Lipsey, to waive service of the summons, fail to do so, they will be required to bear the

13  cost of such service unless good cause be shown for their failure to sign and return the waiver

14  forms.  If service is waived, this action will proceed as if Defendants had been served on the date

15  that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be

16  required to serve and file an answer or other responsive pleading before sixty days from the date

17  on which the request for waiver was sent.  (This allows a longer time to respond than would be

18  required if formal service of summons is necessary.)

19         Defendants are advised to read the statement set forth at the foot of the waiver form that

20  more completely describes the duties of the parties with regard to waiver of service of the

21  summons.  If service is waived after the date provided in the Notice but before Defendants have

22  been personally served, the answer shall be due sixty days from the date on which the request for

23  waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

24         5. The following briefing schedule shall govern dispositive motions in this action:

25             a. No later than thirty days from the date the answer is due, Defendants shall file a

26  motion for summary judgment or other dispositive motion.  If Defendants file a motion for

27  summary judgment, it shall be supported by adequate factual documentation and shall conform in

28  all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case

cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Lipsey.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Lipsey with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Lipsey's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Lipsey is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Lipsey is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Lipsey will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than fourteen days after the date Lipsey's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may

conduct discovery.

7. All communications by Lipsey with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

8. It is Lipsey's responsibility to prosecute this case. Lipsey must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: October 7, 2015

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. MCCUMSY, et al.,<br><br>　　　　Defendants. | Case No.   15-cv-03479-VC<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on October 7, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Lipsey ID: F18039
Corcoran State Prison 4AIL/64
PO Box 3476
Corcoran, CA 93212

Dated: October 7, 2015

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court


By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

7